UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY RYAN WEBB, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:25-cv-00061 ) ) |
| LEWANA CASTILLO WEBB, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Gregory Ryan Webb, a resident of Waverly, Illinois, has filed a pro se complaint against Lewana Castillo Webb, his former spouse. (Doc. No. 1). Webb also has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2); a "Motion and Supporting Memorandum with Request for Injunction" (Doc. No. 3); and a "Motion and Supporting Memorandum/Service of Process." (Doc. No. 6). Before the Court proceeds, the Court must address the filing fee.

**I. FILING FEE**

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. Adkins, 335 U.S. at 339; Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." Foster, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and

1

"[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." Id.

Plaintiff's IFP Application (Doc. No. 2) reflects that he is unable to bear the costs of paying the filing fee in this case. Plaintiff states that his monthly expenses total "$1000ish", he currently has less than $100 in "Cash App", he has $23 in cash, he has spent "over $123,000" in litigation costs, and earns "less than $1000" per month and expects the same income next month. (Id. at 1-5). Therefore, Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

## II. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

The Court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Here, the complaint includes allegations against Plaintiff's former spouse spanning from 2007 to the present. Most, if not all, of the allegations appear to relate in some way to Plaintiff's

divorce proceedings or to Plaintiff's belief that he was "purposefully placed into a violent election conspiracy" that somehow was connected to his divorce proceedings. (Doc. No. 1 at 4). For example, the complaint alleges that Defendant "staged a domestic act against [Plaintiff] and succeeded" in which she harmed herself, took a photograph of the injuries, send the photograph to her affair partner, and obtained an order of protection against Plaintiff. (Id. at 2). The complaint further alleges that Defendant "was purposefully allowed to 'piggyback' a violent Cumberland County, Tennessee election conspiracy allowing herself as the domestic abuser to prevail over-all." (Id. at 4). According to Plaintiff, a "sitting judge purposefully entrapped [Plaintiff]" in a case involving the "kidnapping" of Plaintiff's son. (Id. at 4). The complaint seeks $500,000 from Defendant, attorney and litigation costs, declaratory relief, and injunctive relief. (Doc. No. 1 at 5).

Plaintiff's claims are brought pursuant to Section 1983. "There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citing Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010)).

The complaint does not allege that Defendant acted under color of state law. Neither has Plaintiff set forth any allegations suggesting that the Court should consider Ms. Webb a state actor for purposes of Section 1983 analysis. A private actor (as opposed to a state actor) acting on her own cannot deprive a citizen of federal constitutional rights. See Lansing v. City of Memphis, 202 F.3d 821, 828 (6th Cir. 2000) (citing Flagg Brothers Inc. v. Brooks, 436 U.S. 149 185 (1978) ("most rights secured by the Constitution are protected only against infringement by governments")). Ms. Webb appears to be a private citizen. Plaintiff's Section 1983 claims against her fail for that reason.

3

However, even if Ms. Webb could be considered a state actor, Plaintiff's claims still fail. As the Court has found in another case filed by Plaintiff,[1] the events about which Plaintiff complain occurred outside of the governing statute of limitations for Section 1983 claims. The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). Porter v. Brown, 289 F. App'x 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." Roberson v. Tenn., 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." Hughes v. Vanderbilt Univ., 215 F.3d 543, 548 (6th Cir. 2000). It is the Court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint." Standridge v. Tenn. Dep't of Children's Servs., No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009).

Here, the alleged precipitating events occurred well over one year before Plaintiff filed his complaint on June 10, 2025, all the way back to 2007. Plaintiff was aware of his claimed injuries at the time of those events. As a matter of law, Plaintiff's claims concerning these events are barred by the governing statute of limitations for Section 1983 claims. In short, Plaintiff has waited too long to pursue the Section 1983 claims raised in his complaint. Accordingly, this case is subject to dismissal for that reason, too.

To the extent that the complaint seeks to reverse the outcome of Plaintiff's divorce

---

[1] In Gregory Ryan Webb v. 13th District DA's Office, No. 2:24-cv-68 (filed 9/19/2024 M.D. Tenn.), the Court dismissed Plaintiff's Section 1983 claims arising from his divorce and "election conspiracy" allegations as untimely filed. (See id., Doc. No. 15).

proceedings (which includes determinations as to the custody of his son),[2] such claims fall squarely within the scope of Rooker-Feldman. See Pletos v. Makower Abatte Guerra Wegner Vollmer, PLLC, 731 F. App'x 431, 436 (6th Cir. 2018) (plaintiffs' claims that effectively sought to appeal a state court order were barred by Rooker-Feldman even though they were asserted as independent claims against third parties); Givens v. Homecomings Fin., 278 F. App'x 607, 609 (6th Cir. 2008) ("Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of Rooker-Feldman was appropriate."); Bowman v. Cortellessa, 2012 WL 676406 (E.D. Ky. Feb. 29, 2012) (plaintiff was barred by Rooker-Feldman doctrine from bringing claims against former spouse based on allegations that benefits had not been appropriately awarded in state divorce proceeding and that the former spouse provided the state court with false and/or perjured information).

For all these reasons, this action will be dismissed.

### III. MOTION FOR INJUNCTION

Plaintiff also filed a "Motion and Supporting Memorandum with Request for Injunction" (Doc. No. 3).

When determining whether to issue a preliminary injunction under Federal Rule of Civil Procedure 65, the court considers four factors: (1) whether the movant has shown a strong likelihood of success on the merits of the controversy; (2) whether the movant is likely to suffer irreparable harm without an injunction; (3) whether an injunction would cause substantial harm to the opposing party or others; and (4) whether the public interest would be served by the issuance of an injunction. Daunt v. Benson, 956 F.3d 396, 406 (6th Cir. 2020) (citing Bays v. City of

---

[2] Plaintiff maintains that his son has been "kidnapped" rather than custody being awarded to the son's mother. (Doc No. 1 at PageID# 3).

Fairborn, 668 F.3d 814, 818-19 (6th Cir. 2012)); see Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet v. Lexington-Fayette Urban Cnty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002). "The party seeking the preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success." McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012).

Plaintiff cannot meet this burden. The Court already has determined that the complaint fails to state a claim upon which relief can be granted under Section 1983 because Plaintiff has not alleged or shown that the sole Defendant acted under color of state law. Furthermore, the injunctive relief Plaintiff requests, such as transferring the ownership of the former Webb family residence to him, returning his son to Plaintiff's custody, "delet[ing] the Cumberland County Family and Probably Court debts placed upon [Plaintiff], and "seiz[ing] Defendant's bank accounts and allow[ing] her to leave [Plaintiff's] home with only the cloth[e]s on her back," cannot be granted by this Court. (Doc. No. 3 at 5). As explained supra, Plaintiff cannot use this case to relitigate his divorce proceedings. See Bowman, 2012 WL 676406 (plaintiff was barred by Rooker-Feldman doctrine from bringing claims against former spouse based on allegations that benefits had not been appropriately awarded in state divorce proceeding and that the former spouse provided the state court with false and/or perjured information). The "Motion and Supporting Memorandum with Request for Injunction" (Doc. No. 3) will be denied.

6

Case 2:25-cv-00061   Document 7   Filed 08/05/25   Page 6 of 7 PageID #: 51

## IV. CONCLUSION

For the reasons explained herein, this case is **DISMISSED WITH PREJUDICE**. Plaintiff's "Motion and Supporting Memorandum with Request for Injunction" (Doc. No. 3) is **DENIED**.

Given the dismissal of this case, Plaintiff's "Motion and Supporting Memorandum/Service Process" (Doc. No. 6) is **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE